UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SIX FLAGS FAIR AND ACCURATE
CREDIT TRANSACTIONS ACT (FACTA)
LITIGATION                                                              MDL No. 2810


ORDER DENYING TRANSFER


**Before the Panel:**[*] Defendants Six Flags Entertainment Corporation, Great America LLC, d/b/a Six Flags Great America and Six Flags Hurricane Harbor, and Magic Mountain LLC (together, Six Flags) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Illinois or, alternatively, the Northern District of Georgia. All plaintiffs oppose the Section 1407 motion. Plaintiff in the Northern District of Georgia action alternatively supports centralization in that district. This litigation consists of two actions pending in two districts, as listed on Schedule A.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions share allegations that defendants have violated the Fair and Accurate Credit Transactions Act by printing more than the last five digits of consumers' credit and/or debit card numbers on their receipts. Despite the overlap in factual and legal issues among these cases, we are not persuaded that Section 1407 centralization is necessary. Where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Defendants have failed to do so here.

This litigation involves only three actions sharing relatively straightforward factual issues, and cooperation among the few involved courts and counsel appears to be a workable alternative to centralization. We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Given the options available to the parties and the courts, we are not persuaded that centralization is needed here.

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] An additional action was included in the motion for centralization, but it has since been remanded to state court. The Panel also has been notified of one potentially-related action pending in the District of New Jersey.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: SIX FLAGS FAIR AND ACCURATE
CREDIT TRANSACTIONS ACT (FACTA)
LITIGATION**                                                   MDL No. 2810

## SCHEDULE A

<u>Northern District of Georgia</u>

BAILEY v. SIX FLAGS ENTERTAINMENT CORP., C.A. No. 1:17-03336

<u>Northern District of Illinois</u>

SOTO, ET AL. v. GREAT AMERICA LLC, C.A. No. 1:17-06902